UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT MARQUE ELLIS DENNIS,

        Petitioner,

                                          CASE NO. 2:10-CV-11056
v.                                        HONORABLE DENISE PAGE HOOD

NICK LUDWICK,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Albert Marque Ellis Dennis ("Petitioner") has filed a petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to receiving and concealing stolen property, MICH. COMP. LAWS § 750.5357, larceny from a person, MICH. COMP. LAWS § 750.357, and possession of marijuana, MICH. COMP. LAWS § 333.7403(D)(2), in Case No. 05-1460 and pleading no contest to two counts of aiding and abetting a felonious assault, MICH. COMP. LAWS § 750.82, in Case No. 05-2669, in the St. Clair County Circuit Court. He was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to concurrent terms of 5 to 10 years imprisonment on the stolen property conviction, 9½ to 20 years imprisonment on the larceny conviction, time served on the marijuana conviction, and 2 to 4 years imprisonment on the assault convictions in 2006. In his pleadings, Petitioner raises claims concerning the non-disclosure of evidence, the effectiveness of defense counsel, the voluntariness of his plea, the denial of a motion to withdraw his plea, and his sentence. For the reasons stated herein, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate

of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.     Facts and Procedural History

Petitioner's convictions arise from a series of incidents that occurred in Port Huron, Michigan on May 22, 2005. The preliminary examination testimony and a police report provided the factual basis for Petitioner's plea. At the preliminary examination, Randy Steven Enright testified that he was home sleeping on the couch that night when Petitioner knocked on his door, pushed his way into the home, punched him several times, and destroyed some property. Enright ran upstairs and called 911. Another witness, Jarod Walker, testified that he was getting out of his car at the Outpost Bar the night of May 22, 2005 when he was struck by an unidentified individual and knocked out and his wallet and car were stolen. Port Huron Police Officer William Sharp testified that he responded to a call and discovered Walker's stolen car smashed into an alley guardrail. He found Petitioner passed out in the front seat of the car with Walker's wallet and some marijuana in his possession. *See* Plea Hrg., pp. 43-55. A bindover document indicated that Jason Ward and Jarod Walker were injured when the car was stolen. *Id.* at pp. 56-58.

On November 8, 2005, Petitioner pleaded no contest to receiving and concealing stolen property, larceny from a person, possession of marijuana, and two counts of aiding and abetting a felonious assault in exchange for the dismissal of other more serious charges. He also acknowledged being a third habitual offender. There was no sentencing agreement.

Petitioner subsequently moved to withdraw his plea asserting that he was coerced by the prosecutor and defense counsel, that he was misadvised about his sentencing guidelines, and that he did not commit some of the charged offenses. The trial court held a hearing on December 19, 2005 and denied the motion. The trial court granted defense counsel's motion to withdraw as counsel.

On January 23, 2006, the trial court conducted a sentencing hearing. At the close of that hearing, the court sentenced Petitioner as a third habitual offender to concurrent terms of 5 to 10 years imprisonment on the stolen property conviction, 9½ to 20 years imprisonment on the larceny conviction, time served on the marijuana conviction, and 2 to 4 years imprisonment on the assault convictions.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals challenging the validity of his sentence, which was denied for lack of merit in the grounds presented. *People v. Dennis*, No. 274277 (Mich. Ct. App. Dec. 11, 2006) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Dennis*, 478 Mich. 870, 731 N.W.2d 726 (2007).

Petitioner subsequently filed a motion for relief from judgment with the trial court asserting that the prosecutor withheld evidence, that trial counsel was ineffective, that the trial court abused its discretion by not allowing him to withdraw his plea, and that his sentencing guidelines were improperly scored. The trial court found that his claims lacked merit and denied the motion. *People v. Dennis*, Nos. 05-001460-FH, 05-002669-FC (St. Clair Co. Cir. Ct. May 20, 2008) (unpublished). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals which was denied for lack of merit in the grounds presented. *People v. Dennis*, No. 287595 (Mich. Ct. App. Dec. 17, 2008) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court which was denied for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Dennis*, 484 Mich. 868, 769 N.W.2d 671 (2009). The court also denied reconsideration. *People v. Dennis*, 485 Mich. 931, 773 N.W.2d 707 (2009).

Petitioner thereafter filed his federal habeas petition raising the following claims:

I.   He was denied his rights to a fair trial and due process when the prosecution

intentionally withheld exculpatory statements by Ashley Samuel.

II.  Counsel was ineffective during the pretrial stage for failing to disclose exculpatory statements by Erica Teeple, which detracted Petitioner from preparing a proper defense and induced him to plead no contest.

III. He was denied his rights to a fair trial and due process when the trial court abused its discretion and accepted his plea after he displayed signs of confusion and asserted his innocence.

IV.  He was denied his rights to a fair trial and due process when the trial court abused its discretion and denied his plea withdrawal request.

V.   He was denied his rights to a fair trial and due process when the trial court abused its discretion by using erroneous guideline scores to sentence him.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

### III.  Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per

curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state

5

court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131

S. Ct. 1388, 1398 (2011).

In this case, the state trial court found Petitioner's claims to be without merit, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented," and the Michigan Supreme Court denied leave to appeal in standard orders. For the reasons that follow, this Court concludes that the state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1]

## IV. Analysis

### A. In Custody Requirement

As an initial matter, the Court notes that Petitioner completed his sentence for his marijuana and two assault convictions prior to the filing of his habeas petition. Specifically, Petitioner completed his marijuana sentence, time served, on January 23, 2006 and was discharged from his two assault convictions on May 23, 2009. *See* Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=285366. The present petition was dated on March 1, 2010. A writ of habeas corpus may only be granted to a person who is "in custody." 28 U.S.C. §§ 2241(c)(3), 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that under sections "2241(c)(3) and 2254(a) [and] ... the common-law history of the writ ... that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"). Under 28 U.S.C. § 2254, custody status is determined at the time that the complaint is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). A person is considered to be "in custody" when his liberty is directly circumscribed by government

---

[1]The Court would reach the same result under a *de novo* standard of review.

oversight, such as parole, *Jones v. Cunningham*, 371 U.S. 236, 240–41 (1963), bail, *Hensley v. Mun. Ct., San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 349 (1973), or probation, *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir.1989). The Supreme Court, however, has "never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Maleng*, 490 U.S. at 491. Once a petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render him 'in custody' under § 2254(a). *Maleng*, 490 U.S. at 492. Because Petitioner has fully served his sentences on the marijuana and assault convictions, the Court lacks jurisdiction to rule or grant habeas relief on claims affecting those convictions. The Court will limit its discussion of Petitioner's claims to the stolen property and larceny convictions.

### B. Non-Disclosure of Evidence Claim

Petitioner first asserts that he is entitled to habeas relief because the prosecution failed to disclose allegedly exculpatory statements made by Ashley Samuel. It is well-settled that there is no general constitutional right to discovery in a criminal case. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). The United States Supreme Court has held that the prosecutor's failure to disclose evidence favorable to the defense constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To find a *Brady* violation, not only must the evidence be suppressed, but the suppressed evidence must be material and favorable to the accused. *Elmore v. Foltz*, 768 F.2d 773, 777 (6th Cir. 1985). Favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Kyles v. Whitley*, 514 U.S. 419, 432-36 (1995).

8

Material evidence is that which is "so clearly supportive of a claim of innocence that it gives the prosecution notice of a duty to produce." *United States v. Clark*, 988 F.2d 1459, 1467 (6th Cir. 1993). The duty to disclose favorable evidence includes the duty to disclose favorable impeachment evidence. *Bagley, supra*; *Giglio v. United States*, 405 U.S. 150, 154-55 (1972).

The *Brady* rule only applies to "the discovery, after trial, of information which had been known to the prosecution but unknown to the defense." *United States v. Agurs*, 427 U.S. 97, 103 (1976). Thus, in order to establish a *Brady* violation, a petitioner must show that: (1) the evidence was suppressed by the prosecution in that it was not known to the petitioner nor available from another source; (2) the evidence was favorable or exculpatory; and (3) the evidence was material to the question of the petitioner's guilt. *See Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000); *see also Strickler v. Greene*, 527 U.S. 263, 281-282 (1999). The petitioner bears the burden of establishing a *Brady* violation. *Carter*, 218 F.3d at 601.

Despite this law, however, Petitioner has not alleged a violation of clearly established federal law under § 2254(d)(1). The United States Supreme Court has never held that the *Brady* rule requires disclosure of exculpatory evidence prior to the entry of a plea as opposed to a trial. Rather, the Supreme Court has indicated that the disclosure of exculpatory evidence is necessary to secure a fair trial. *See Brady*, 373 U.S. at 87-88 ("A prosecution that withholds evidence on demand of an accused which, if made available, would tend to exculpate him ... helps shape a trial that bears heavily on the accused."); *Agurs*, 427 U.S. at 104 (explaining that the rule prohibiting the use of perjured testimony, upon which the *Brady* rule is founded, is based on the notion that the use of perjured testimony represents "a corruption of the truth-seeking function of the trial process"); *see also Bagley*, 473 U.S. at 678 (stating that "suppression of evidence amounts to a constitutional violation only if it deprives the defendant of a fair trial").

9

Several circuit courts have held that the failure to disclose exculpatory information prior to the taking of a plea does not render the plea involuntary or constitute a *Brady* violation. *See, e.g., United States v. Conroy*, 567 F.3d 174, 178-79 (5th Cir. 2009) (citing *Matthew v. Johnson*, 201 F.3d 353, 361–62 (5th Cir. 2000)); *see also Friedman v. Rehal*, 618 F.3d 142, 153-55 (2d Cir. 2010); *United States v. Richards*, 314 F. App'x 522, 525 (4th Cir. 2008) (finding that such a *Brady* claim is also foreclosed by a valid plea under *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Others have reached the opposite conclusion. *See, e.g., Campbell v. Marshall*, 769 F.2d 314, 324 (6th Cir. 1985); *McCann v. Mangialardi*, 337 F.3d 782, 787-88 (7th Cir. 2003); *Sanchez v. United States*, 50 F.3d 1448, 1453–54 (9th Cir. 1995). In *United States v. Ruiz*, 536 U.S. 622, 628-33 (2002), however, the Supreme Court held that a plea is not rendered invalid by the prosecutor's failure to disclose exculpatory impeachment information. Although the Court did not consider whether this rule applied to exculpatory substantive evidence, the Court's analysis focused on the *Brady* rule's connection to the truth-finding function at trial, suggesting that *Ruiz* extends to exculpatory substantive evidence. In fact, at some points the Court did not distinguish between the two types of exculpatory evidence, and stated that "due process considerations, the very same considerations that led this Court to find trial related rights to exculpatory and impeachment information in *Brady* and *Giglio*, argue against the existence of the 'right' " to pre-plea disclosure. *Ruiz*, 536 U.S. at 631. Given the Supreme Court's description of *Brady* as grounded in the right to a fair trial, the *Ruiz* decision, and the lack of Supreme Court precedent requiring that *Brady* material be disclosed before a plea, the Court finds that Petitioner has failed to allege a violation of clearly established federal law. Habeas relief is available only if the state courts violated clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

Even if Petitioner has stated a possible claim for relief, he has not established a *Brady* violation. First, he has failed to show that Ashley Samuel's statement was suppressed by the prosecution and/or that he was unable to obtain the same information from Samuel or another source, such as Erica Teeple, a witness of whom he was aware prior to the entry of his plea. Second, while Samuel's statement is certainly material, Petitioner has not shown that it is favorable or exculpatory. The statement indicates that other men were involved in the incidents but does not exclude Petitioner as being a participant. In fact, the statement confirms that Petitioner was present during the incidents and could have aided and abetted the crimes even if he did not act as a principle. Petitioner has failed to establish a *Brady* violation. Habeas relief is not warranted on this claim.

**C.     Ineffective Assistance of Counsel Claim**

Petitioner next asserts that he is entitled to habeas relief because defense counsel was ineffective for failing to advise him of allegedly exculpatory statement made by Erica Teeple, thereby rendering his plea involuntary. The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, the petitioner must demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court

has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.* The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. _, 131 S. Ct. 733, 741 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

Petitioner asserts that counsel was ineffective during the pre-plea period for failing to disclose or advise him about statements made by Erica Teeple. Claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the

> criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before the plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that counsel was ineffective for failing to properly act during the pre-trial period is foreclosed by his plea and does not warrant habeas relief.

Petitioner is also not entitled to relief on any claim that defense counsel was ineffective for advising him to plead guilty rather than advising him about the evidence and preparing a defense. It is true that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned determination that investigation is not warranted). Petitioner, however, has not established that counsel failed to investigate his case or was deficient for advising him to accept a plea. Counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the nature of the case, the preliminary examination testimony and police reports of the crimes which showed that one victim identified Petitioner as his assailant and the police found Petitioner with another victim's wallet in a stolen car, Petitioner's criminal history, and the lack of a solid defense. Counsel was clearly aware of Erica Teeple's potential as a witness and could have reasonably determined that her affidavit did not exonerate Petitioner from participation

13

in the crimes. Given such circumstances, Petitioner has not shown that counsel erred or acted unreasonably in advising him to plead no contest.

Furthermore, Petitioner has not established that, but for counsel's alleged deficiencies, there is a reasonable probability that he would not have pleaded no contest and would have insisted on going to trial. *See Hill*, 474 U.S. at 58-59. The matters which he believes should have been further investigated or discussed by counsel do not establish his innocence nor cast doubt upon the reliability of the proceedings. By pleading no contest to lesser offenses than those originally charged, Petitioner avoided the possibility of being sentenced to life imprisonment. Petitioner cannot prevail on his ineffective assistance of counsel claim. Habeas relief is not warranted on this claim.

**D.     Involuntary Plea Claim**

Petitioner also asserts that he is entitled to habeas relief because his no contest plea was involuntary. In particular, Petitioner states that he expressed confusion and denied committing certain acts at the time of his plea, and that counsel was ineffective for failing to properly advise him about his case and coercing him into accepting the plea.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is

advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 25 years old at the time of his plea, had a family and was educated, and had prior experience with the criminal justice system. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading no contest. The court discussed the terms of the plea and its consequences, including the maximum sentence for each offense. Petitioner indicated he understood the terms of the plea, that he was pleading no contest of his own free will, and that he had not been coerced or threatened. He also denied that any promises, other than those contained in the plea agreement, had been made to him to induce his plea. The materials provided in support of the factual basis for the plea provided significant evidence of guilt. Petitioner has not shown that his plea was involuntary. The fact that Petitioner was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757.

Petitioner asserts that his plea was not voluntary or knowing because defense counsel failed to properly advise him and coerced him to accept a plea. Petitioner has not established that counsel misadvised him about his case, the plea, or sentencing. Even if Petitioner was misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *see also Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir.

15

2004). The record demonstrates that the trial court conducted a proper colloquy. The court reviewed the terms of the agreement and the consequences of the plea, including the maximum sentences for each offense. Petitioner has not shown that his plea was unknowing. Petitioner's assertion that defense counsel (or the prosecutor) pressured him into pleading no contest conflicts with his sworn testimony at the plea hearing in which he denied being coerced and stated that he was entering a plea of his own free will. There is no evidence that counsel strong-armed Petitioner or used coercive tactics to get him to accept the plea. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos*, 170 F.3d at 566 (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Given the nature of the case, the evidence of guilt, and Petitioner's criminal history, counsel's advice regarding the plea was reasonable. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted on this claim.

### E.  Denial of Plea Withdrawal Claim

Petitioner also asserts that he is entitled to habeas relief because the state trial court abused its discretion in refusing to allow him to withdraw his plea. Such a claim, however, is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378 , 1996 WL 34902, *2 (6th Cir. 1996) (table).

Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). Federal habeas courts have no authority to correct perceived errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Habeas relief is not warranted on this claim.

### F. Sentencing Claim

Petitioner asserts that he is entitled to habeas relief because the trial court erred in sentencing him. Specifically, he claims that the trial court erred in scoring several offense variables under the Michigan sentencing guidelines and that, as a result, his sentence was based upon inaccurate information.

As an initial matter, the Court notes that Petitioner's sentences are within the statutory maximums. *See* MICH. COMP. LAWS §§ 750.5357; 750.357; 769.11. A sentence within the statutory limit is generally not subject to federal habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner has made no such showing. His sentences are within the statutory maximums set by state law.

Petitioner cannot prevail on his claim that the trial court erred in scoring the disputed sentencing variables. Such a claim is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged

misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov.19, 1993) (departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Any error in scoring the offense variables and determining the guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived state law errors. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, a petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has not done so. The record reflects that the state trial court considered the crime, the pre-sentence reports, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the information and the scoring of the guidelines at sentencing. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is not warranted on this claim.

## V.   Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies a claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  A court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.  Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims.  The Court, therefore, **DENIES** a certificate of appealability.

The Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).  Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.


Dated:  October 31, 2012            S/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

19

**10-11056  Dennis v. Ludwick**
**Opinion and Order**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager